Nathan PRESTON,
Petitioner–Respondent,

v.

Dolores PRESTON,
Respondent–Appellant.

No. 53229.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1988.

Merle L. Silverstein, Clayton, for respondent-appellant.

Mark H. Levison, Nelson L. Mitten, St. Louis, for petitioner-respondent.

REINHARD, Judge.

Following a dissolution decree, wife appeals challenging the distribution of the marital property. We affirm as modified.

Wife's sole point on appeal is that the trial court erred "because it arbitrarily adopted values of each property when it chose appraisal values without any ascertainable methodology and against the weight of the evidence, thus awarding [wife] property worth much less than the court's decree purported to give her."

The parties owned property of considerable value, the major portion of which was realty. The court awarded four parcels of real property to husband and six parcels to wife. Each party was ordered to be liable for the encumbrances on the properties received.

The parties provided their own appraisals from real estate experts concerning the values of the various parcels. The parties stipulated that the appraisals were the only evidence of the value of the realty; the debt on each parcel was stipulated also.

In its decree, the trial court stated its findings concerning the value of all marital property, including the net value of each parcel of real property. According to the decree, the court awarded property to wife valued in excess of $700,000.00 and property to husband valued in excess of $500,000.00. The court stated that it was awarding a greater amount of the marital

property to wife because of husband's misconduct.

Our review is governed by the standards set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). From our review of the record we conclude that, with one exception, the values assigned by the trial court to the various parcels of realty are within the range of the evidence and, therefore, are supported by substantial evidence. *See Earney v. Clay,* 516 S.W.2d 59 (Mo. App.1974), where the court stated that conflicts in evidence of real estate values are for the trier of facts to resolve. *Id.* at 66. *See also Hoffmann v. Hoffmann,* 676 S.W. 2d 817, 826 (Mo. banc 1984).

 The trial court made an error in its valuation of one parcel of realty awarded to wife. Husband candidly admits the court made an arithmetic mistake of $55,-000.00 because it overlooked a second mortgage on the property, but he argues that the error was de minimis in relation to the total value of the marital property. We think not. This error does not, however, require a reversal and remand. *See Misdary v. Misdary,* 737 S.W.2d 476, 480 (Mo. App.1987). We conclude the decree should be amended as follows:

Husband shall pay to wife the additional sum of $30,000.00 which shall be a lien on the real estate awarded to husband.

The judgment of the trial court is affirmed as modified.[1]

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. Husband's motion to dismiss this appeal is denied.